UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAVITA PULETU,<br><br>            Plaintiff,<br><br>      v.<br><br>THE FISHING COMPANY OF ALASKA, INC.,<br><br>            Defendant. | CASE NO. C05-1752RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## **I. INTRODUCTION**

This matter comes before the Court on Defendant's renewed motion for summary judgment. (Dkt. #27). Defendant indicates that Plaintiff previously agreed that a pending analogous case in the Ninth Circuit would determine the outcome of this case. The Ninth Circuit has since rendered an opinion favorable to Defendant, and therefore Defendant now moves for summary judgment. Alternatively, Defendant argues that this Court should determine as a matter of law that Plaintiff's "prolongation of pain" claim is not an independent cause of action, thereby justifying its dismissal.

Plaintiff responds that Defendant's motion for summary judgment is untimely because the dispositive motion deadline in the instant case has passed. Plaintiff additionally argues that the analogous Ninth Circuit case does not affect the instant proceedings because this Court has previously found that triable issues of fact exist.

MEMORANDUM ORDER
PAGE - 1

For the reasons set forth below, the Court agrees with Defendant, and GRANTS Defendant's motion for summary judgment.

## II. DISCUSSION

### A. Background

This Court previously granted in part and denied in part a motion for summary judgment brought by Defendant, the Fishing Company of Alaska, Inc., on September 13, 2007.[1] In that Order, the Court dismissed the majority of Plaintiff Tavita Puletu's claims with the exception of Plaintiff's "prolongation of pain" claim. In addition, although the deadline for discovery had passed, the Court reopened discovery with respect to that claim because Plaintiff had raised that claim for the first time in its response to Defendant's motion for summary judgment. However, prior to the amended discovery deadline set by the Court, Defendant moved to stay the proceedings on the grounds that an analogous case that was pending before the Ninth Circuit would determine the outcome of this case. Plaintiff did not oppose the motion, and the Court subsequently stayed the proceedings for six months on October 9, 2007. (Dkt. #26). Approximately five months later, the Ninth Circuit rendered its memorandum opinion in the analogous case. *See Baylor v. Icicle Seafoods, Inc.*, 2008 WL 636823 (9th Cir. March 7, 2008). In *Baylor*, the Ninth Circuit affirmed the district court's summary judgment dismissal of a plaintiff seawoman's claims against her employer. Based on that ruling, Defendant now brings the instant motion for summary judgment.

### B. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

---

[1] The Court has already discussed the specific facts that gave rise to Plaintiff's complaint in that Order. Accordingly, the Court finds it unnecessary to repeat those facts here.

MEMORANDUM ORDER
PAGE - 2

1  (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See*
2  *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*
3  512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a
4  genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or
5  the bald assertion that a genuine issue of material fact exists, no longer precludes the use of
6  summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics,*
7  *Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

8        Genuine factual issues are those for which the evidence is such that "a reasonable jury
9  could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts
10 are those which might affect the outcome of the suit under governing law. *See id.* In ruling on
11 summary judgment, a court does not weigh evidence to determine the truth of the matter, but
12 "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d
13 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Conclusory or
14 speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.
15 *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). In
16 the context of a claim brought under the Jones Act, the "quantum of evidence necessary to
17 support a finding of Jones Act negligence is less than that required for common law negligence .
18 . . and even the slightest negligence is sufficient to sustain a finding of liability." *Havens*, 996
19 F.2d at 218; *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770-71 (9th Cir. 1981) (holding
20 that a seaman must demonstrate only that his employer's negligence played any part, even the
21 slightest, in producing his injury). Courts should exercise special care in considering summary
22 judgment in Jones Act cases which require a very low evidentiary threshold for submission to a
23 jury. *Leonard v. Exxon Corp.*, 581 F.2d 522, 524 (5th Cir. 1978).

24       **C. Dispositive Motion Deadline**

25       As an initial matter, the Court addresses Plaintiff's argument that Defendant's summary
26 judgment motion is untimely. Plaintiff specifically argues that the instant motion is well past the
27 August 7, 2007 dispositive motion deadline set forth by this Court. (Dkt. #15). However, it is
28

MEMORANDUM ORDER
PAGE - 3

well-recognized that "a district court possesses the inherent power to control its docket and promote efficient use of judicial resources." *Dependendable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis v. North Amer. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936)); *see also Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1452 (9th Cir. 1995) (finding that "[d]istrict court judges must have ample discretion to control their own dockets"). Indeed, it is common for district courts to *sua sponte* extend deadlines. *See generally Ayala v. Anderson*, 2008 WL 110115, at *1 (E.D. Cal. Jan. 8, 2008); *Phillips v. Beck*, 2007 WL 4392019, at *7 (D. Hawai'i, Dec. 17, 2007); *Garrison v. Washington State Dept. of Corrections*, 2007 WL 4166141, at *1 (W.D. Wash. Nov. 20, 2007).[2] In fact, district courts have the power to *sua sponte* grant summary judgment in certain circumstances. *See Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982).

Here, the Court finds that the circumstances of this case allow Defendant to renew its original summary judgment and seek dismissal of Plaintiff's remaining "prolongation of pain" claim. As indicated above, Defendant moved for an order to stay the instant case on the grounds that an analogous case pending before the Ninth Circuit would determine the outcome of the instant case. The Court granted Defendant's motion because Plaintiff did not oppose the motion. Consequently, to allow Plaintiff to now argue that Defendant is precluded from moving for summary judgment to dismiss Plaintiff's "prolongation of pain" claim would completely undermine the only basis for the Court's decision to enter the stay in the first place. Accordingly, the Court finds it justifiable to use its "inherent power to control its docket and promote efficient use of judicial resources" in order to extend the dispositive motion deadline in the instant case. *See Dependendable Highway Exp.,* 498 F.3d at 1066. As such, Defendant's motion is ripe for review.

---

[2] This Court itself previously extended the discovery deadline by *sua sponte* reopening discovery to allow Defendant to explore Plaintiff's "prolongation of pain" claim. (Dkt. #21).

MEMORANDUM ORDER
PAGE - 4

**D. The Court Shall Give Effect to Defendant's Unopposed Motion to Stay**

Defendant argues that summary judgment is appropriate because Plaintiff effectively agreed that *Baylor* would determine the outcome of this case by choosing not to oppose Defendant's motion to stay. The Court agrees. Both the local rules of this district court and well-established Ninth Circuit precedent establish that failing to oppose a motion is similar to agreeing that such motion has merit.

For example, the local rules of this district court provide that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as *an admission that the motion has merit*." Local Rule CR 7(b)(2) (emphasis added). The Ninth Circuit has likewise held that "a rule treating failure to file timely opposition as consent to a motion was valid[.]" *Bilbud Rancho California Ltd. v. Johnson & Johnson Dev. Corp.*, 86 F.3d 1161, 1996 WL 266446, at *5 (9th Cir. 1996) (citing *United States v. Warren*, 601 F.2d 471 (9th Cir. 1979)). Ultimately, an unopposed motion is quite simply analogous to a stipulation. *See Fontilea v. Mukasey*, 2008 WL 1817975, at *1 (9th Cir. April 23, 2008) (citing *Konstantinova v. INS*, 195 F.3d 528 (9th Cir. 1999)).

In this case, Defendant clearly stated in its motion to stay that "[t]he issues involved in the present matter and *Baylor* are nearly identical. As such, the Ninth Circuit's decision in *Baylor* will determine the outcome of this case." (Dkt. #22 at 2). Plaintiff unequivocally did not oppose Defendant's motion to stay. In fact, correspondence between the parties' attorneys reveals that Plaintiff's attorney agreed that *Baylor* would be outcome-determinative of the instant case. Specifically, Defendant's attorney sent Plaintiff's attorney a letter stating: "[s]ince the issue in [*Baylor*] is controlling on this one, I am wondering if you will stipulate to a stay in this proceeding until a decision in *Baylor* is handed down by the 9th Circuit." (Dkt. #23, Decl. of Heikkila, Ex. B). Plaintiff's attorney responded by indicating that "[w]ith respect to your continuance letter, very perceptive. Good idea too. You have our concurrence in stipulating to remedy discussed." (*Id.* Ex. C).

As a result, the Court finds that Plaintiff has agreed that *Baylor* - a decision favorable to

MEMORANDUM ORDER
PAGE - 5

1  Defendant - determines the outcome of the instant case. The Court shall therefore give effect to
2  the parties' agreement, and Plaintiff cannot now argue that *Baylor* does not control, when his
3  opportunity to raise such an argument should have occurred in response to Defendant's motion
4  to stay. Otherwise, and as Defendant indicates, allowing Plaintiff to make such an argument
5  would be "an unnecessary waste of the parties' and this Court's time." (Dkt. #30 at 2). Thus,
6  Plaintiff's "prolongation of pain" claim shall be dismissed on this ground.

### E.  The Substance of the *Baylor* Decision

In any event, the Court agrees with Defendant that the substance of the *Baylor* memorandum opinion by the Ninth Circuit operates to preclude Plaintiff's remaining "prolongation of pain" claim as a matter of law. As indicated above, the Ninth Circuit in *Baylor* affirmed a district court's summary judgment dismissal of a plaintiff's claim brought pursuant to the Jones Act. *See Baylor*, 2008 WL 636823, at *1. Specifically, the court found that the plaintiff was not entitled to recover damages for pain and suffering allegedly caused by the defendant employer's failure to timely provide maintenance and cure for two reasons. First, the court held that the plaintiff was unable to produce any evidence that financial hardship impacted her mental state. *Id.* Second, the court held that the plaintiff was unable to provide any evidence that a delay in treatment had a negative effect on her prognosis. *Id.* In support of these holdings, the court found that although a doctor testified that a delay would likely cause a negative effect on the plaintiff's prognosis, there was no definitive proof to support the doctor's opinion. *Id.*

In addition, the Ninth Circuit found that the district court did not err in failing to recognize plaintiff's alleged "prolongation of pain" claim. The court indicated that "[b]oth the theory Baylor [the plaintiff] pled, and the responses she gave in discovery, focus on *aggravation* of the underlying condition caused by the delay." *Id.* (emphasis in original). Consequently, the court found the substance of plaintiff's claim was that the defendant employer did not timely provide maintenance and cure, rather than a "prolongation of pain" claim that the district court should have recognized. *Id.*

MEMORANDUM ORDER
PAGE - 6

Similarly, in this case, Plaintiff has both raised a theory in his complaint and given responses in his discovery that focus on the aggravation of the underlying condition caused by the delay. Therefore in substance, Plaintiff's claim is not a "prolongation of pain" claim as indicated in his response to Defendant's original summary judgment motion, but a claim that his condition was aggravated and worsened as a result of Defendant's alleged negligence. Furthermore, Plaintiff has only offered his self-serving testimony and the speculative testimony of two doctors to support his position. Both doctors clearly did not offer any proof in support of their testimonies, only testifying that Plaintiff's injuries could have worsened over time. (Dkt. #18, Ex. 2 at 14:18-23; Ex. 3 at 17:13-17).[3] Thus, while the Court recognizes the need to exercise special care in Jones Act cases on summary judgment given the very low evidentiary threshold these types of case require, *see Leonard*, 581 F.2d at 524, the Ninth Circuit's holding in *Baylor* provides that speculative testimony of a doctor does not create a triable issue of fact. *See Baylor*, 2008 WL 636823, at *1. Coupled with the well-established principle that self-serving testimony without evidence in support thereof is never sufficient to create a triable issue of fact, Plaintiff has failed to provide sufficient evidence to withstand summary judgment in the instant case.

To the extent that the Court's findings in this Order conflict with this Court's previous Order granting in part and denying in part Defendant's motion for summary judgment motion (Dkt. #21), any contradictory findings in that Order shall be vacated. An order denying summary judgment is an interlocutory decree, *see United States v. Florian*, 312 U.S. 656, 61 S.Ct. 713 (1941), and accordingly a court in its discretion may reconsider such order. *See Nightlife Partners, Ltd. v. City of Beverly Hills*, 304 F.Supp. 2d 1208, 1214 (E.D. Cal. 1986) (citation omitted). Furthermore, it is proper for a lower court to set aside an interlocutory ruling that it has made to avoid subsequent reversal. *See Lindsay v. Dayton-Hudson Corp.*, 592

---

[3] This Court previously quoted the specific deposition testimonies of both doctors in its previous Order on Defendant's summary judgment (Dkt. #21). Accordingly, the Court finds it unnecessary to set out the deposition testimonies here.

MEMORANDUM ORDER
PAGE - 7

F.2d 1118, 1121 (10th Cir. 1979). Courts have generally permitted modification of the law of the case if subsequent, contradictory controlling authority exists. *See Fuhrman v. United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973).

As a result, because *Baylor* provides that a doctor's speculative testimony is not sufficient to create a triable issue of fact, this Court shall set aside its previous interlocutory ruling that indicated otherwise. Thus, summary judgment in favor of Defendant is proper on this ground as well.

### F. Defendant's Alternative Argument

Because the Court has determined that summary judgment is proper for the two independent reasons mentioned above, it finds it unnecessary to discuss Defendant's alternative argument that a "prolongation of pain" claim is an element of damages and not an independent cause of action.

### III. CONCLUSION

Having reviewed Defendant's motion, Plaintiff's response, Defendant's reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's motion for summary judgment (Dkt. #27) is GRANTED. This case shall be dismissed with prejudice.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 29th day of May, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE